**Weil, Gotshal & Manges LLP**

BY ECF

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

November 15, 2013

**Greg A. Danilow**
+1 (212) 310-8182
greg.danilow@weil.com

The Honorable Katherine B. Forrest
United States District Court
Southern District of New York
500 Pearl Street
New York, New York  10007

Re:  The Bank of New York Mellon v. WMC Mortgage, et al., Civil Action No. 12-CV-07096 (KBF):
       Reply Letter in Support of GE Mortgage's Motion for Judgment on the Pleadings

Dear Judge Forrest:

We write in response to Plaintiff BONY's memorandum of law dated November 8, 2013 ("Opp.") (Docket No. 66) in opposition to GE Mortgage's letter motion for judgment on the pleadings dated October 23, 2013 (Docket No. 64).[1]

In its opposition, Plaintiff BONY effectively abandons all of the arguments made in its opposition to GE Mortgage's motion to dismiss, including that the disputed sole remedy language of Section 2.03 of the PSA was the result of "drafting error" or is "ambiguous."  Instead, Plaintiff now raises two new arguments—never found in its complaint or in opposition to GE Mortgage's motion to dismiss:  (1) The sole remedy clause of Section 2.03 of the PSA applies only to claims against WMC and (2) Section 2.03 somehow improperly waives Plaintiff BONY's pre-existing rights.  As set forth below, neither of Plaintiff's newly minted arguments finds any support in the contract at issue—the PSA.

First, there is absolutely no support in the language of Section 2.03 for Plaintiff BONY's contention that the sole remedy clause only applies to claims against WMC.  The language of the sole remedy clause contains no words restricting its application to just repurchase demands against WMC.  The provision clearly states that WMC's obligation to cure or repurchase is the "sole remedy" "respecting" an omission, defect, or breach described above that is "available to [BONY] on behalf of the Certificateholders."  And the above described breaches are, as Plaintiff acknowledges, breaches of WMC's representations and warranties in Section 6 of the Originator MLPA with respect to the nature and quality of the underlying loans.  Opp. at 4.  The clause is an absolute limitation on the remedy "available to" Plaintiff BONY "on behalf of the Certificateholders."  While Plaintiff BONY argues that "Section 2.03 does what it says:  it limits the Trustee's remedies against WMC for WMC's breach of its representation" (*id.*), there is no language in Section 2.03 that even arguably limits its impact to just claims against WMC.  Rather, Section 2.03 limits the remedy available for claims "respecting" an

---

[1] All defined terms shall have the definition ascribed to them in GE Mortgage's letter motion unless otherwise defined herein.

Hon. Katherine B. Forrest
Page 2
November 15, 2013

omission, defect, or breach of WMC's representations and warranties. And of course, that is what this case is about.

If the parties wanted to phrase the sole remedy clause of Section 2.03 so that it only applied to repurchase claims against WMC, they knew exactly how to do so. Unlike Section 2.03, the sole remedy language in the repurchase provisions of the Originator MLPA and the Seller MLPA each expressly make clear that the repurchase remedy is the Purchaser's sole remedy "<u>against</u>" the Originator and Seller, respectively:

> It is understood and agreed that the obligations of [WMC] set forth in this Section 7 to cure, remit a Prepayment Charge shortfall, repurchase or substitute for a defective Mortgage Loan constitute the sole remedies of [GE Mortgage] **against [WMC]** respecting a missing or defective material document or a breach of the representations and warranties contained in Sections 5 or 6 [of the WMC MLPA].

Originator MLPA § 7(b) (emphasis added).

> It is understood and agreed that the obligations of [GE Mortgage] set forth in this Section 7 to cure, remit a Prepayment Charge shortfall, repurchase or substitute for a defective Mortgage Loan constitute the sole remedies of the [Depositor] **against [GE Mortgage]** respecting a missing or defective material document or a breach of the representations and warranties contained in Section 5 herein or Sections 5 or 6 of the [GE Mortgage MLPA].

Seller MLPA § 7(b) (emphasis added). Section 2.03 contains no such restriction.

Plaintiff BONY incorrectly concludes that the sole remedy clause of Section 2.03 "has no bearing on the independent Repurchase Obligation of GE Mortgage" under Section 7 of the Seller MLPA. Opp. at 5. But all parties agree that Plaintiff BONY's claim here against GE Mortgage for breach of its supposed repurchase obligation is a claim "respecting" an omission, defect or breach of WMC's representations and warranties. The plain language of the sole remedy clause of Section 2.03 limits Plaintiff BONY's remedy "respecting" an omission, defect, or breach of WMC's representations and warranties to cure or repurchase by WMC and precludes Plaintiff BONY's repurchase claim against GE Mortgage arising from those same breaches. And as stated in GE Mortgage's letter motion, this restriction makes sense—it limits Plaintiff's relief for breaches of WMC's representations and warranties to repurchase or cure by the party making those representations and warranties—WMC. Plaintiff points to nothing in the language of the sole remedy clause of Section 2.03 to support its conclusion that the sole remedy clause has "no bearing" on GE Mortgage's repurchase obligation.

Second, this is not a waiver case as Plaintiff BONY argues. Plaintiff BONY writes its opposition as if there are two separate agreements: one giving it rights against GE Mortgage and a later one taking those rights away. But there is only one agreement that BONY is a party to—the PSA—and that agreement explicitly limits BONY's remedy with respect to alleged breaches of WMC's representations and warranties to seek cure or repurchase from WMC. No one is contending that Section 2.03 constitutes a

"waiver" of rights that Plaintiff BONY otherwise would have.[2]  A "waiver" analysis does not apply to analyzing different provisions in the same contract, which is what Plaintiff BONY is trying to do here.  Rather, this is a case about contract interpretation and what rights BONY was granted under the PSA.  Here, the unambiguous language of the contract that Plaintiff BONY signed expressly limits the assignment of rights and remedies under the Originator and Seller MLPAs in Section 2.01 of the PSA by expressly limiting Plaintiff BONY's rights and remedies with respect to breaches of WMC's representations and warranties to seek cure or repurchase from WMC in Section 2.03.  There is no other way to read the sole remedy language of Section 2.03.

Finally, while Plaintiff BONY argues in its opposition that GE Mortgage's interpretation of the contract renders GE Mortgage's repurchase obligation under Section 7 of the Seller MLPA and the assignment of rights under Section 2.01 of the PSA "meaningless," by the end of its brief (at page 7), Plaintiff BONY concedes that GE Mortgage's repurchase obligation is not in fact meaningless.  As Plaintiff acknowledges, GE Mortgage is still obligated under Section 7 of the Seller MLPA, as assigned under Section 2.01 and as limited by Section 2.03 of the PSA, to repurchase or cure loans in breach of GE Mortgage's corporate representations and warranties.  No such breaches are alleged here.  For this reason, GE Mortgage's interpretation is not inconsistent, as Plaintiff contends, with Section 7 of the Seller MLPA which provides that GE Mortgage's repurchase obligation must be enforced "in a manner consistent with Section 2.03 of the Pooling and Servicing Agreement" or with references to GE Mortgage's repurchase obligation in Section 2.03.  Indeed, none of the language quoted by Plaintiff is inconsistent with GE Mortgage's interpretation of the contracts and none of the quoted language has anything to do with the clear limitation placed on Plaintiff's remedy in Section 2.03 with respect to WMC's alleged breaches here.

For all of the foregoing reasons and the reasons set forth in GE Mortgage's letter motion, Defendant GE Mortgage respectfully requests judgment on the pleadings in favor of Defendant GE Mortgage and dismissal with prejudice of the FAC as against Defendant GE Mortgage.

Respectfully Submitted,

  /s/ Greg A. Danilow

Greg A. Danilow

cc:  all counsel of record
     courtesy copies to the Court (by hand)

---

[2] The waiver cases cited by Plaintiff (Opp. at 4-5) are inapplicable.  There, the courts held that defendants did not waive contractual rights by reason of subsequent conduct or agreement in the absence of an explicit agreement to waive those rights.  Here, the issue is not about a subsequent waiver of rights and remedies but whether Plaintiff BONY had the right at all pursuant to the only document to which it is a party.