UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: MAY 0 1 2014

| | |
|---|---|
| THE BANK OF NEW YORK MELLON, solely as Trustee for GE-WMC Mortgage Securities Trust 2006-1, <br><br> Plaintiff, <br><br> v. <br><br> WMC MORTGAGE, LLC, and G.E. MORTGAGE HOLDINGS, L.L.C. <br><br> Defendants. | Civil Action No. <br> 12-cv-07096 (KBF) <br><br> ECF CASE |

## [~~PROPOSED~~] ESI AND OTHER DISCOVERY PLAN

The Bank of New York Mellon, solely in its capacity as the Trustee for the GE-WMC Mortgage Securities Trust 2006-1 (the "Trust"), by its attorneys, Boies, Schiller & Flexner LLP (the "Trustee"); WMC Mortgage, LLC, in its own capacity and as successor to certain obligations of WMC Mortgage Corp., by its attorneys, Jenner & Block LLP ("WMC"); and G.E. Mortgage Holdings, L.L.C., by its attorneys, Weil, Gotshal & Manges LLP ("GEMH" and together with the Trustee and WMC, the "Parties") hereby agree to the following parameters regarding the discovery and production of electronically stored information ("ESI") and hard copy documents in the above-captioned action ("Plan"). To the extent that this Plan does not address certain issues regarding the discovery and production of ESI or hard copy documents, such issues may be resolved in a separate, written amendment to the Plan to be executed by all Parties or so ordered by the Court. No oral modifications to this Plan will be permitted.

The Parties agree that this Plan shall govern the technical specifications for the discovery and production of ESI and hard copy documents in the above-captioned action. Nothing in this Plan is intended to waive any objections to discovery or any privileges or, except as specifically provided herein, to impose obligations different than those contained in the Federal Rules of Civil Procedure.

### ESI AND OTHER DISCOVERY PLAN

A Party on whom a request for production of ESI or hard copy documents is served pursuant to the Federal Rules of Civil Procedure ("Request for Production") shall search for and produce responsive ESI or hard copy documents in accordance with this Plan. (As used herein, the term "Responding Party" means the Party responding to the Request for Production and the term "Requesting Party" means the Party that made and served the Request for Production). All Requests for Production shall be served pursuant to Fed. R. Civ. P. 34, and all responses, objections and productions shall be governed by Fed. R. Civ. P. 26 and 34, and applicable law:

1

## I. Approval of the Court.

The Parties will jointly request that the Court so order the Plan (the "Order") simultaneously with the filing of the Plan with the Court.

## II. Procedure Governing ESI and Hard Copy Document Production.

A. With respect to Requests for Production that are served prior to or on the date of the later of the Court so ordering the Plan or a protective order in the Action, within twenty-eight (28) days of the issuance of the Order, the Responding Party shall disclose in writing to the Requesting Party an explanation of how and where the Responding Party searched or will search for responsive materials including, where applicable, lists of custodians whose electronic files were searched or will be searched, the methodology employed or to be employed in such search, and the search terms employed or to be employed in the search, if applicable. If the Responding Party objects to a Request for Production in full or in part, the Responding Party shall not be under an obligation to make any production of the objected to material until after the Parties have met and conferred, and the objections are resolved either by agreement of the Parties or by the Court.

B. For any Requests for Production served after the later of the Court so ordering the Plan or a protective order in the Action, within thirty (30) days of service of the Requests for Production (or by separate written agreement between the Parties), the Responding Party shall disclose the same information, as described in Section II.A.

C. **Search Process.**

1. **Selecting Search Terms.** If applicable, where a Responding Party searches ESI according to search terms, the methodology selected by the Responding Party will be responsive to the Requests for Production. Each of the search terms employed by the Responding Party shall be disclosed in writing, as described and pursuant to the deadlines set forth in Section II.A. The time periods searched shall be governed by the Requests for Production and subject to any objections of the Responding Party.

2. **Search Term Objections and Requests.** If the Requesting Party has good cause to object to the search terms used by the Responding Party, or would like additional search terms used, it shall inform the Responding Party of the objection(s) or additional search terms in writing within ten (10) days of receiving notice of the search terms searched. The Parties will then confer in good faith to reach agreement on any alternative or additional search terms. If the Parties cannot reach an agreement within seven (7) days of the Requesting Party's objections or additional requests, or within any other period of time agreed to by the Parties in writing, the Requesting Party may seek relief from the Court. If a Requesting Party would like

2

additional custodians searched, it shall inform the Responding Party within a reasonable time period after learning of the relevance of such custodians, which in no event may be more than six (6) weeks after the Requesting Party has learned of the relevance of additional custodians. However, no such request for additional custodians shall be made within six (6) weeks prior to the end of fact discovery, as set by the Court.

3. **Scope of Search.** Search terms only need to be run against active files. If a query returns an email or an attachment to an email that is responsive and non-privileged, both the email and any attachment(s) must be produced, subject to the Parties' objections and responses pursuant to the Federal Rules of Civil Procedure.

### D. No Responsiveness Presumption.

1. With respect to ESI, a Party's obligation to conduct a reasonable search for documents in response to any Request for Production shall be deemed to be satisfied by reviewing documents that are identified through the procedure described in Section II above.

2. The fact that a document is captured by a search pursuant to this Plan does not mean that such document is responsive to any propounded Request for Production or otherwise relevant to any of the above-captioned actions. The scope of documents to be produced shall be governed by the Federal Rules of Civil Procedure, this Plan, any propounded Requests for Production and the Parties' objections and responses thereto, and any separate written agreements that may be reached by the Parties.

## III. Production Formats for Electronic Documents.

### A. Production Specifications.

1. ESI should be produced as Group IV, 300 DPI, single-page TIFF images. Name each TIFF file with a unique name matching the Bates number labeled on the corresponding page. File names cannot contain spaces. Bates numbers should be endorsed on the lower right corner of all images. Group every 500 TIFF images into a new folder; do not create a separate folder for each document. All TIFF images will be stored in a separate directory named "IMAGES". The Parties reserve the right to produce, and to request production, of files in color, on a document-by-document basis, if needed and not overly burdensome.

2. Documents that cannot be converted to TIFF (*e.g.*, video, audio, applications, etc.) should be produced in native format. Also, documents that can become unwieldy when converted to TIFF (*e.g.*, source code, large diagrams, etc.) should be produced in native format. Excel and CSV files should be produced in native format, unless they have redactions. Redacted documents will be

3

produced in TIFF format. If any redacted Excel file is produced in TIFF format, any hidden data in the Excel file will be revealed prior to conversion to TIFF and redaction. For documents produced natively, create a single-page placeholder sheet bearing the text 'Produced in Native Format' with the bates-number and, where applicable, the confidentiality designation. Native files must be organized in a separate directory named "NATIVES". from text or images following the same folder structure guidelines. A native cross reference file must be provided.

3. An IPRO load file ("LFP") or Opticon loan file ("OPT") must be provided.

4. The following are the definitions to be used for the LFP:

   - IM – Import code identifier (Importing new page/image database record).

   - ABC0000001 – The image key/document ID number.

   - D – Document boundary designation; only designate the first page of each document.

   - 0 – Offset to the TIFF file. Always 0 for single page TIFF files.

   - @AUTO002 – Volume Name.

   - IMAGES\1997 – Directory path of the image.

   - ABC0000001.tif – Filename of the image.

   - 2 – Tells IPRO the type of image file.

   An example of the format of the cross-reference file is shown below:

   IM,ABC0000001,D,0,@AUTO0002;IMAGES\1997;ABC0000001.tif;2
   IM,ABC0000002, ,0,@AUTO0002;IMAGES\1997;ABC0000002.tif;2
   IM,ABC0000003, ,0,@AUTO0002;IMAGES\1997;ABC0000003.tif;2

5. The following are the definitions to be used for the OPT:

- ALIAS – Image key for the database.
- VOLUME – Name of the volume where the documents and image reside, typically the volume name of a CD or DVD server.
- PATH – Full path and file name (and extension) of the image.
- DOC_BREAK – Enter a Y to denote whether this image marks the beginning of a document.
- PAGES – Number of pages associated with the document or image.

- Character – Description.
- Y – First page of a document.
- Comma (,) – Indicates a page break or pages.

Example:

00010002,NROTEK001,C:\MY_DATABASES\NROTEK001\001\00010002.tif,Y,,,1
00010003,NROTEK001,C:\MY_DATABASES\NROTEK001\001\00010003.jpg,Y,,,1
00010004,NROTEK001,C:\MY_DATABASES\NROTEK001\001\00010004.gif,Y,,,1
00010005,NROTEK001,C:\MY_DATABASES\NROTEK001\001\00010005.tif,Y,,,
00010006,NROTEK001,C:\MY_DATABASES\NROTEK001\001\00010006.tif,Y,,,

6. For documents that were originally stored as native electronic files and which do not have redactions, the extracted, full text from the body of each document will be produced in a separate .txt file named for the beginning Bates number of the document. For documents that were originally stored as native electronic files and which have redactions, OCR text will be produced from the redacted image(s) associated with each document as a separate .txt file named for the beginning Bates number of the document. All .txt files will be stored in a separate directory named "TEXT". Any redacted, privileged material should be clearly labeled to show the redactions on the tiff image.

7. To avoid production of the entirety of data stored in databases or similar enterprise applications, a Party may opt to produce responsive information from databases in an alternate form, such as a report or data table. The Parties agree to cooperate in good faith with respect to the requests for, and production of, database data. Reports or data tables produced for this purpose may be produced in native format with corresponding TIFF images of Bates-stamped slip sheets referencing the native file names, provided that the appropriate program to generate or view such report or data table is made reasonably available to the Requesting Party if that program is not otherwise reasonably available to that Party.

8. A Concordance or Relativity load file must be delivered with the requested fields and metadata as shown in the table below. If specific fields cannot be provided for a particular document, the field should be left blank. The metadata fields for documents with redactions will exclude the following fields: (a) subject; (b) file_name; (c) originalfilepath; and (d) any other field to the extent that it would reveal privileged information. In the case of email, the email image will be the parent, and attachment(s) will be the child/children; email images/parents and attachments/children must be bates-numbered consecutively and sorted by email image/parent, followed by attachment/child.

The delimiters for the file must be as follows (Concordance or Relativity default):

Comma – ASCII character 20 (¶)
Quote – ASCII character 254 (þ)
Newline – ASCII character 174 (®)

| Field Name | Sample Data | Comment |
|---|---|---|
| PRODBEG | ABC0000001 | First bates-number of electronic document |
| PRODEND | ABC0000002 | Last bates-number of electronic document |
| PRODATTRANGE<br><br>or<br><br>PRODBEGATT<br>and<br>PRODENDATT | ABC0000001- ABC0000010<br><br><br><br>ABC0000001<br><br>ABC0000002 | Bates range of the parent and attachments<br><br>First bates-number of the first page in a parent/child email relationship<br><br>Last bates number of the last page in a parent/child email relationship |
| CUSTODIAN | John Doe (and any additional custodians with the same document) | Owner of the email/document |
| FROM | John Doe | Sender of email |
| TO | Jane Doe Smith | Direct or Primary Recipient(s) of email (listed in To field |
| CC | Fred Murray | Secondary Recipient(s) of email (listed in CC field) |
| BCC | Jake Johnson | Blind Recipient(s) of email (listed in BCC field) |
| SUBJECT | This is a document | Subject line of email |
| DATE_SENT | 10/15/2007 | Date email was sent (MM/DD/YYYY) |
| TIME_SENT | 9:00 AM | Time email was sent |
| LINK | \NativeFiles\test.xls | Link to native file on the media received |

6

| Field Name | Sample Data | Comment |
|---|---|---|
| FILE_EXTEN | PST (email); DOC (Word) | File extension of the email, attachment, or loose e-file |
| FILE_NAME | Document.doc, jdoe.pst | The file name of the email attachment or loose e-file |
| AUTHOR | John Doe | The author of the email attachment or loose e-file |
| DATE_MODIFIED | 10/15/2007 | The modified date of the email attachment or loose e-file |
| TIME_MODIFIED | 9:00 AM | The modified time of the email attachment or loose e-file |
| ORIGINALFILEPATH | Smith.pst\Personal Folders\Inbox | The path to the email in the mailbox or loose e-file |
| MD5HASH | 7E8D6F38A8BB6FD50279B274E2E11406 | MD5 Hash value of the file |

9. If a document or custodian lacks a required metadata field, that metadata field need not be provided, and the Responding Party is under no obligation to populate the absent metadata field.

| Field Name | Sample Data | Comment |
|---|---|---|
| PRODBEG | ABC0000001 | First bates-number of electronic document |
| PRODEND | ABC0000002 | Last bates-number of electronic document |

10. The Parties require that all ESI productions be sent on a CD, DVD, external USB hard drive, or via a secure file transfer portal, whichever results in the least number of items or is otherwise the most convenient for the Responding Party.

B. **De-duplication.** Parties may de-duplicate globally. Each Party will disclose the methodology it used to de-duplicate (*e.g.*, MD5 Hashing, SHA-1). If any Party's de-duplication efforts creates relevant issues that could be answered by the metadata of custodian-specific data not produced because of de-duplication, the Parties will discuss in good faith ways to gather the relevant metadata and resolve the issue.

## IV. HARD-COPY DOCUMENTS

The Parties shall conduct a search for responsive hard-copy documents pursuant to the Federal Rules of Civil Procedure. Responsive and non-privileged documents, should be provided as follows:

  A. **Format.** Image files must be produced in Group IV, 300 DPI, single-page TIFF format. File names cannot contain spaces. OCR text must be delivered with all hard copy documents scanned into electronic form. All text for a single document should be contained within one file. The name of the file should be the first page of the document (BEGDOC.txt).

  B. **Unitizing of documents.** In scanning paper documents, distinct documents should not be merged into a single record, and single documents should not be split into multiple records (*i.e.*, paper documents should be logically unitized). The Parties shall disclose how their vendor has scanned and unitized hard copy documents that may be part of the same "family" of documents in the disclosure provided in Section III.A. above.

  C. **Load Files.** A database load file (delimited text) must be produced with, at a minimum, the BEGBATES, ENDBATES, BEGATTACH, ENDATTACH, and CUSTODIAN. The delimiters for the file must be as follows (Concordance or Relativity default):

   Comma – ASCII character 20 (¶)
   Quote – ASCII character 254 (þ)
   Newline – ASCII character 174 (®)

  An LFP or OPT must be provided for hard copy productions. Document boundaries must be provided using the appropriate syntax in the LFP or OPT file.

## V. MISCELLANEOUS

Nothing in this Plan shall be construed to prohibit undersigned Parties from agreeing to modify any provision of this Stipulation or seeking relief from the Court. Nor shall anything in this Plan or any Party's compliance be construed as a waiver of any Party's rights under the Federal Rules of Civil Procedure. Nor shall anything in this Plan be interpreted to require disclosure of information that is not responsive to the Requests or is protected by any applicable privilege. Nor shall anything in this Plan be construed to waive any objections as to the production, discoverability or confidentiality of ESI. In addition, nothing in this Plan concerning the format in which documents may be produced by a Party shall be construed as having any precedential effect in any other legal proceeding.

*<<Remainder of the Page Intentionally Left Blank>>*

**AGREED:**

| WEIL, GOTSHAL & MANGES LLP | JENNER & BLOCK LLP |
|---|---|

By:_____

By:_____

Greg A. Danilow
767 Fifth Avenue
New York, NY  10153
Phone: 212 310-8000
Fax: 212 310-8007
Greg.danilow@weil.com

Stephen L. Ascher
919 Third Avenue
New York, NY 10022
Phone: 212 891-1600
Fax: 212 891-1699
Email: sascher@jenner.com

Barbara S. Steiner (*admitted pro hac vice*)
353 N. Clark St.
Chicago, IL 60654
Phone: 312 222-9350
Fax: 312 527-0484
Email: bsteiner@jenner.com

*Attorneys for G.E. Mortgage Holdings L.L.C.*      *Attorneys for WMC Mortgage, LLC*

BOIES, SCHILLER & FLEXNER LLP

By: /s/ Motty Shulman

Motty Shulman
Ian M. Dumain
333 Main Street
Armonk, NY 10504
Phone: (914) 749-8200
Fax: (914) 749-8300
Email: mshulman@bsfllp.com

*Attorneys for The Bank of New York Mellon,
solely as Trustee for the Trust*

Dated: 4/25/14

_____ K B. Forrest _____ 4/30/14
Honorable Katherine B. Forrest
United States District Judge

**AGREED:**

| WEIL, GOTSHAL & MANGES LLP | JENNER & BLOCK LLP |
|---|---|

By: /s/ *[signature]*

By: _____

Greg A. Danilow
Stacy Nettleton
767 Fifth Avenue
New York, NY 10153
Phone: 212 310-8000
Fax: 212 310-8007
Greg.Danilow@weil.com

Stephen L. Ascher
919 Third Avenue
New York, NY 10022
Phone: 212 891-1600
Fax: 212 891-1699
Email: sascher@jenner.com

Barbara S. Steiner (*admitted pro hac vice*)
353 N. Clark St.
Chicago, IL 60654
Phone: 312 222-9350
Fax: 312 527-0484
Email: bsteiner@jenner.com

*Attorneys for G.E. Mortgage Holdings L.L.C.*     *Attorneys for WMC Mortgage, LLC*

BOIES, SCHILLER & FLEXNER LLP

By: _____

Motty Shulman
Ian Dumain
333 Main Street
Armonk, NY 10504
Phone: (914) 749-8200
Fax: (914) 749-8300
Email: mshulman@bsfllp.com

*Attorneys for The Bank of New York Mellon,
solely as Trustee for the Trust*

Dated: _____      _____
Honorable Katherine B. Forrest
United States District Judge

9

AGREED:

WEIL, GOTSHAL & MANGES LLP

By:_____

Greg A. Danilow
767 Fifth Avenue
New York, NY 10153
Phone: 212 310-8000
Fax: 212 310-8007
Greg.danilow@weil.com

*Attorneys for G.E. Mortgage Holdings L.L.C.*

JENNER & BLOCK LLP

By:_____

Stephen L. Ascher
919 Third Avenue
New York, NY 10022
Phone: 212 891-1600
Fax: 212 891-1699
Email: sascher@jenner.com

Barbara S. Steiner (*admitted pro hac vice*)
353 N. Clark St.
Chicago, IL 60654
Phone: 312 222-9350
Fax: 312 527-0484
Email: bsteiner@jenner.com

*Attorneys for WMC Mortgage, LLC*

BOIES, SCHILLER & FLEXNER LLP

By:_____

Motty Shulman
Ian M. Dumain
333 Main Street
Armonk, NY 10504
Phone: (914) 749-8200
Fax: (914) 749-8300
Email: mshulman@bsfllp.com

*Attorneys for The Bank of New York Mellon, solely as Trustee for the Trust*

Dated: 4/25/14

_____
Honorable Katherine B. Forrest
United States District Judge