# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE BANK OF NEW YORK MELLON, solely as Trustee for GE-WMC Mortgage Securities Trust 2006-1, : | : Civil Action No. 12-cv-07096 (DLC) |
| Plaintiff, : | |
| v. | **ECF CASE** |
| : | |
| WMC MORTGAGE, LLC and G.E. MORTGAGE HOLDING, L.L.C., : | |
| Defendants. : | |
| : | |

**WMC MORTGAGE, LLC'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION FOR A JURY TRIAL**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................ ii

INTRODUCTION ..............................................................................................................................1

STATEMENT OF RELEVANT FACTS .................................................................................................2

ARGUMENT ....................................................................................................................................3

I.      WMC Has A Seventh Amendment Right To A Jury Trial On Any Issues That May Lead To An Award Of Damages. ........................................................................................................3

II.     The Joint Proposed Scheduling Order Preserved WMC's Right To A Jury Trial To The Extent This Court Finds That BoNY May Seek Money Damages. .....................................6

III.    In The Alternative, This Court Should Exercise Its Discretion To Grant WMC A Jury Trial Pursuant To Rule 39(b) Or Rule 6(b)(1)(B) If The Court Allows BoNY To Pursue Money Damages. ........................................................................................................8

        A.    This Court Should Grant WMC A Jury Trial Pursuant To Rule 39(b). ....................8

        B.    This Court Should Permit WMC To File A Late Demand For A Jury Trial Pursuant To Rule 6(b)(1)(B). .................................................................................10

CONCLUSION ................................................................................................................................12

# TABLE OF AUTHORITIES

**CASES**

*Beacon Theatres, Inc. v. Westover*, 359 U.S. 500 (1959) .................................................................5

*Brown v. Sandimo Materials*, 250 F.3d 120 (2d Cir. 2001) ..............................................................4

*Cascone v. Ortho Pharmaceutical Corp.*, 702 F.2d 389 (2d Cir. 1983) ...........................................6

*Citigroup Inc. v. VDN Sys., Inc.*, No. 08-Civ-7527 (SHS), 2008 WL 5274091 (S.D.N.Y. Dec. 16, 2008) .......................................................................................................................4, 5

*Citigroup Mortgage Loan Trust 2007-AMC3 v. Citigroup Global Markets Realty Corp.*, No. 13 Civ. 2843(GRD), 2014 WL 1329165 (S.D.N.Y. Mar. 31, 2014) ..................................3

*Cordius Trust v. Kummerfeld*, No. 99 CIV 3200 DLC, 2006 WL 1876677 (S.D.N.Y. July 7, 2006) ...........................................................................................................................11

*Credit Bureau of Council Bluffs, Inc. v. Credit Bureau Data Centers, Inc.*, 143 F.R.D. 206 (S.D. Iowa 1992) .............................................................................................................10

*Davidson Pipe Co., Inc. v. Laventhol & Horwath*, 125 F.R.D. 363 (S.D.N.Y. 1989) ................9, 10

*Dell'Orfano v. Romano*, 962 F.2d 199 (2d Cir. 1992) .....................................................................8

*Favors v. Coughlin*, 877 F.2d 219 (2d Cir. 1989) ............................................................................7

*Ginsberg v. Twayne Publishers, Inc.*, 600 F. Supp. 247 (S.D.N.Y. 1984) .......................................6

*Henri v. Fritz Cos., Inc.*, 841 F. Supp. 1188 (N.D. Ga. 1993) .........................................................7

*Higgins v. Boeing Co.*, 526 F.2d 1004 (2d Cir. 1975) ................................................................8, 10

*Landau v. Nat'l R.R. Passenger Corp.*, 97 F.R.D. 723 (S.D.N.Y. 1983) ......................................10

*Luna v. Am. Airlines*, No. 04 Civ. 1803(MHD), 2010 WL 4159402 (S.D.N.Y. Oct. 12, 2010) ...........................................................................................................................................6

*McGuire v. Russell Miller, Inc.*, 1 F.3d 1306 (2d Cir. 1993) ...........................................................4

*Palmer v. Angelica Healthcare Services Group, Inc.*, 170 F.R.D. 88 (N.D.N.Y. 1997) .............6, 7

*Pereira v. Farace*, 413 F.3d 330 (2d Cir. 2005) ......................................................................3, 4, 5

*Raymond v. International Business Machines Corp.*, 148 F.3d 63 (2d Cir. 1998) ........................11

*Sterling Federal Bank, F.S.B. v. Credit Suisse First Boston Corp.*, No. 07-C-2922, 2008 WL 4924926 (N.D. Ill. Nov. 14, 2008) ......................................................................................3

*Texas v. Penguin Grp. (USA) Inc.*, No. 12 Civ. 3394(DLC), 11 MD 2293(DLC), 2013
    WL 1759567 (S.D.N.Y. Apr. 24, 2013)......................................................................9

*Tray-Wrap, Inc. v. Six L's Packing Co., Inc.*, 984 F.2d 65 (2d Cir. 1993) ......................5

*Trust v. Kummerfeld*, No. 99 CIV 3200 DLC, 2006 WL 3544341 (S.D.N.Y. Dec. 8, 2006)..........9

*Wells Fargo Bank, N.A. v. Bank of America, N.A.*, No. 11 Civ. 4062(JPO), 2013 WL
    372149 (S.D.N.Y. Jan. 31, 2013).............................................................................3

*Winant v. Carefree Pools*, 118 F.R.D. 28 (E.D.N.Y. 1988) ............................................7

*Wright v. Lewis*, 76 F.3d 57 (2d Cir. 1996) ................................................................5, 7

**OTHER AUTHORITIES**

Fed. R. Civ. P. 5(d) ........................................................................................................7

Fed. R. Civ. P. 6(b)(1)(B) ....................................................................................8,10, 11

Fed. R. Civ. P. 38(b) ..................................................................................................6, 7

Fed. R. Civ. P. 38(b)(1).................................................................................................7

Fed. R. Civ. P. 38(d) ......................................................................................................8

Fed. R. Civ. P. 39(a)(1)..................................................................................................8

Fed. R. Civ. P. 39(b) ............................................................................................8, 9, 10

Fed. R. Civ. P. 81(c)(3)(B) ............................................................................................6

Wright & Miller, Federal Practice and Procedure Civil § 2302.1 (3d ed. 2008) ...........5

Wright & Miller, Federal Practice and Procedure Civil § 2306 (3d ed. 2008) ..............5

Wright & Miller, Federal Practice and Procedure Civil § 2309 (3d ed. 2008) ..............4

Defendant WMC Mortgage, LLC ("WMC") respectfully moves for a determination that this case will be tried to a jury if this Court holds that Plaintiff The Bank of New York Mellon, solely as Trustee for GE-WMC Mortgage Securities Trust 2006-1 ("BoNY" or "the Trustee"), may recover damages for any of its claims.  If the Court so rules, then WMC has a Seventh Amendment right to a jury trial.  All parties, including both WMC and BoNY, preserved that right by jointly demanding that, to the extent permitted by the contracts, this matter be tried before a jury.  Moreover, even if the parties' demand was technically deficient, this Court should exercise its discretion to provide WMC with the jury trial that the parties long anticipated.

**INTRODUCTION**

More than a year and a half ago—and long before any jury demand was required by the Federal Rules of Civil Procedure—all parties to this case jointly requested, in writing, that trial in this case be before a jury "[t]o the extent permitted by the governing agreements."  (Ascher Decl. Ex. A.)  Judge Forrest then entered a Scheduling Order providing that trial would be before a jury "[t]o the extent permitted by the governing agreements."  (D.E. 56, Ascher Decl. Ex. B.)  For many months, the parties proceeded on the assumption that if this Court held that BoNY could pursue money damages for any of its claims, a jury would decide all issues relating to those claims, including whether WMC materially breached any of the representations and warranties in the MLPA.

Apparently, BoNY has now changed its mind, deciding that it would prefer *not* to present its claims to a jury.  At the most recent conference with this Court, BoNY argued, for the first time, that WMC waived its right to a jury trial. (Tr. of 2/27/15 Conference at 32-33, Ascher Decl. Ex. C.)  BoNY is incorrect.  If this Court holds that BoNY may recover money damages on any of its claims, the Seventh Amendment gives WMC a fundamental right to trial by jury.  WMC preserved that right when all of the parties submitted their Joint Proposed Scheduling

1

Order, which complied with Rule 38(b)'s requirements.  Under Rule 38(d) and Rule 39(a), BoNY cannot unilaterally revoke that right.

Moreover, even if the Scheduling Order somehow failed to comply with the technicalities of Rule 38(b), the equities would favor granting WMC's jury request pursuant to this Court's discretion under Rules 39(b) and 6(b)(1)(B).  Such relief is well warranted: WMC did not ignore the requirement that it file a jury demand; instead, it reasonably relied on the parties' Joint Proposed Scheduling Order and the Court's entry of it.  In addition, because BoNY itself requested a jury trial—and failed to voice any objection to such a proceeding for nearly 18 months—BoNY cannot suggest, let alone demonstrate, that a jury trial would cause it prejudice.

## STATEMENT OF RELEVANT FACTS

BoNY instituted this action by filing a Summons With Notice in New York Supreme Court on August 21, 2012.  (D.E. 1.)  WMC removed the case to this Court on September 20, 2012.  (*Id.*)  At that time, neither WMC nor its co-defendant, GE Mortgage Holding, L.L.C. ("GEMH"), had been served with the Summons With Notice, or any pleading.  (D.E. 1 ¶ 15.)

BoNY filed the operative First Amended Complaint ("FAC") on May 29, 2013.  (D.E. 32.)  WMC moved to dismiss the FAC on July 10, 2013.  (D.E. 41.)  Before Judge Forrest ruled on WMC's motion—and thus long before WMC answered the FAC—BoNY filed with the Court the parties' Joint Proposed Scheduling Order.  (*See* Ascher Decl. Ex. A.)  In that document, the parties checked the box indicating that "[t]rial **will** be before a jury," and they added the qualifying phrase "[t]o the extent permitted by the governing agreements."  (*Id.* (emphasis added).)  On September 13, 2013, Judge Forrest entered a Scheduling Order stating that the trial will be before a jury, and including this same qualifying language.  (Ascher Decl. Ex. B.)

WMC filed its Answer to the FAC on October 10, 2013.  (D.E. 62.)  The parties then engaged in discovery and additional motion practice, including the filing and briefing of Motions

2

for Partial Summary Judgment and conferences with both Judge Forrest and this Court. (*See* D.E. 85, 113, 119, 122, 126.) At no time during any of these proceedings did BoNY question the parties' joint submission demanding a jury trial, and Judge Forrest's Order that trial in this matter would be before a jury "[t]o the extent permitted by the governing agreements." Instead, at a pretrial conference on February 27, 2015, BoNY first suggested to this Court that none of the parties had made a timely demand for a jury trial, and thus that any right to a jury trial had been waived. (Ascher Decl. Ex. C at 32-33.)

## ARGUMENT

**I.    WMC Has A Seventh Amendment Right To A Jury Trial On Any Issues That May Lead To An Award Of Damages.**

The predicate question for determining whether there is a Seventh Amendment right to a jury trial is whether the plaintiff has a legal claim for damages. *Pereira v. Farace*, 413 F.3d 330, 337 (2d Cir. 2005). As WMC has explained in its summary judgment briefing, the parties' contract gives BoNY one "sole" remedy: repurchase of a materially breaching loan at the contractually specified "Purchase Price." (MLPA § 7(b); *see* PSA §§ 2.03(a), 1.01 (defining the Purchase Price)); WMC Mem. in Support of Mot. for Partial Sum. J. 6-7, 15-20, D.E. 120.) Repurchase is a form of specific performance: the return of the loan in exchange for the payment of the Purchase Price. *E.g.*, *Citigroup Mortg. Loan Trust 2007-AMC3 v. Citigroup Global Markets Realty Corp.*, No. 13 Civ. 2843(GRD), 2014 WL 1329165, at *4-5 (S.D.N.Y. Mar. 31, 2014); *Wells Fargo Bank, N.A. v. Bank of Am., N.A.*, No. 11 Civ. 4062(JPO), 2013 WL 372149, at *8-9 (S.D.N.Y. Jan. 31, 2013); *Sterling Fed. Bank, F.S.B. v. Credit Suisse First Boston Corp.*, No. 07-C-2922, 2008 WL 4924926, at *12 (N.D. Ill. Nov. 14, 2008) (applying New York law).

Despite this clear contractual limitation, however, BoNY has sought money damages for several of its claims. (FAC Prayer for Relief (a), D.E. 32; *see id.* ¶ 73 (breach of representations

3

and warranties); *id.* ¶ 77 (failure to repurchase); *id.* ¶ 103 (failure to notify); *id.* ¶ 85 (indemnification).)  BoNY has done this presumably because BoNY liquidated many of the loans in this case long ago, selling the underlying collateral to third parties.  (*See, e.g.*, D.E. 168 at 2-3.)  Those loans no longer exist and thus cannot be repurchased.  (D.E. 120 at 10-15; D.E. 168 at 2-4.)

If this Court agrees with WMC that BoNY's "sole" remedy is repurchase at the Purchase Price, and BoNY is not entitled to damages, neither party has a right to a jury trial.  The Seventh Amendment provides a jury trial right only for "legal" claims, not "equitable" ones," *Pereira,* 413 F.3d at 337, and an "action for specific performance of a contract historically is equitable in nature," Wright & Miller, Federal Practice and Procedure Civil § 2309 (3d ed. 2008).  "Therefore, in a federal court, if this is the only relief that may be given on a particular claim, there is no right to a jury trial."  *Id.*; *see Citigroup Inc. v. VDN Sys., Inc.*, No. 08-Civ-7527 (SHS), 2008 WL 5274091, at *2 (S.D.N.Y. Dec. 16, 2008).[1]

Conversely, if this Court finds that BoNY may seek money damages despite the express prohibition in the governing contract, BoNY's claims for breach of contract would be classic legal ones that give rise to a Seventh Amendment right to a jury trial.  *See, e.g.*, *VDN Sys., Inc.*, 2008 WL 5274091, at *2; *Brown v. Sandimo Materials*, 250 F.3d 120, 126 (2d Cir. 2001); *see*

---

[1] In Count IV, BoNY seeks "indemnification," which typically would be a legal remedy.  *See, e.g.*, *McGuire v. Russell Miller, Inc.*, 1 F.3d 1306, 1313-15 (2d Cir. 1993).  As explained in WMC's Motion for Partial Summary Judgment Regarding Count II and Count IV, however, WMC is entitled to summary judgment on BoNY's indemnification claim because it is duplicative of BoNY's breach of contract claim (Count I).  The only indemnification that the parties' contract allows is for BoNY to recoup the "expense[s] [it] reasonably incurred . . . in connection with enforcing any obligations of the Seller under this Agreement."  (MLPA § 4(e).)  Because those costs are already included in the Purchase Price as part of the repurchase remedy for a given loan (*see* PSA § 1.01), BoNY cannot maintain a separate claim for an alleged failure to indemnify.  That claim therefore does not affect the nature of the relief sought in this case, or WMC's right to a jury trial.

4

*also Pereira*, 413 F.3d at 337 (describing compensatory damages as "the classic form of *legal* relief"). That holds true even if this Court determines that BoNY may obtain damages for only some of its claims, or if the Court cannot determine the availability of damages at the summary judgment stage. In that instance, WMC would be entitled to a jury trial on any issues common to the specific performance and potential damages claims, including whether WMC materially breached the representations and warranties. *See generally Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 506-11 (1959); Wright & Miller § 2302.1 ("[W]hen an issue is common to both legal and equitable claims in the same proceeding, it must be tried first to a jury"); *id.* § 2306 (Where "a single issue may be either legal or equitable depending upon the remedy awarded," the "constitutionally required solution . . . is to have a jury present to decide the issue, even though the district court then may have to determine for itself, on the basis of the jury's determination, whether to grant relief of a type that was historically viewed as equitable").

   Thus, if this Court leaves open the possibility that BoNY may obtain money damages for any of its claims, then WMC has a constitutional right to have a jury determine (at a minimum) whether a material breach of the representations and warranties occurred.[2]

---

[2] BoNY's counsel stated at the recent hearing that "[t]here are issues of the jury waiver in the PSA, whether that applies to the defendants." (Ascher Decl. Ex. C at 33.) BoNY is correct that PSA § 11.11 contains a jury waiver: "Each of the Depositor [GE-WMC Mortgage Securities, L.L.C.], the Servicer [Litton Loan Servicing LP] and the Trustee hereby irrevocably waives, to the fullest extent permitted by applicable law, any and all right to trial by jury in any legal proceeding arising out of or relating to this agreement, the certificates or the transaction contemplated thereby." (PSA § 11.11 (capitalization omitted).) Notably, however, WMC is not a party to the PSA, and the provision does not list WMC among the parties who agree to "irrevocably waive[]" their right to a jury trial. The PSA's jury waiver thus cannot overcome the well-established "presumption against waiver of the right to a jury trial." *Wright v. Lewis*, 76 F.3d 57, 60 (2d Cir. 1996); *see also, e.g.*, *Tray-Wrap, Inc. v. Six L's Packing Co., Inc.*, 984 F.2d 65, 67-68 (2d Cir. 1993) (because "the right to a jury trial is a fundamental right . . . purported waivers are to be scrutinized with the utmost care") (internal quotation marks omitted).

### II.  The Joint Proposed Scheduling Order Preserved WMC's Right To A Jury Trial To The Extent This Court Finds That BoNY May Seek Money Damages.

If this Court finds that money damages may be available in whole or in part, and thus there is a constitutional right to a jury trial, it should further find that WMC—and BoNY itself—preserved that right through the filing of the Joint Proposed Scheduling Order, which demanded a jury trial, and the Court's entry of a Scheduling Order reflecting that election.

Under Fed. R. Civ. P. 38(b), a party preserves its right to a jury trial by (1) "serving the other parties with a written demand—which may be included in a pleading—no later than 14 days after the last pleading directed to the issue is served"; and (2) "filing the demand in accordance with Rule 5(d)."³  These requirements are modest.  Rule 38(b) mandates only "timely notice of the jury demand to the court and other parties."  *Palmer v. Angelica Healthcare Services Group, Inc.*, 170 F.R.D. 88, 90 (N.D.N.Y. 1997) (citing *Wright v. Lewis,* 76 F.3d 57, 59 (2d Cir.1996)).

For example, although a jury demand "*may* be included in a pleading," Fed. R. Civ. P. 38(b) (emphasis added), "the form of the writing has not been narrowly prescribed," *Palmer*, 170 F.R.D. at 90; *see also, e.g.*, *Ginsberg v. Twayne Publishers, Inc.*, 600 F. Supp. 247, 248 (S.D.N.Y. 1984) ("Rule 38 requires only that a jury demand be made in writing, not that it be contained in a pleading or indeed take any particular form.").  Thus, courts have found that parties may satisfy Rule 38(b)'s requirements by timely filing and serving a variety of documents, including a civil cover sheet, a case management plan, or a pre-trial order on which

---

³ In some cases removed from state court, Rule 81(c)(3), rather than Rules 38-39, governs preservation of the right to a jury trial.  Rule 81(c)(3) is inapplicable here because all necessary pleadings had not been served at the time of removal.  *See* Fed. R. Civ. P. 81(c)(3)(B); *see also, e.g.*, *Cascone v. Ortho Pharm. Corp.*, 702 F.2d 389, 391 (2d Cir. 1983); *Luna v. Am. Airlines*, No. 04 Civ. 1803(MHD), 2010 WL 4159402, at *2-3 (S.D.N.Y. Oct. 12, 2010).

the parties checked a box or otherwise indicated their demand for a jury trial. *See Wright*, 76 F.3d at 59 (civil cover sheet satisfied Rule 38(b) because failure of service was not attributable to plaintiff); *Favors v. Coughlin*, 877 F.2d 219, 220-21 (2d Cir. 1989) (civil cover sheet on which party checked box indicating jury trial demand would have sufficed if properly served); *Winant v. Carefree Pools*, 118 F.R.D. 28, 29 (E.D.N.Y. 1988) (civil cover sheet satisfied Rule 38(b)); *Palmer*, 170 F.R.D. at 90 (same for case management plan); *Henri v. Fritz Cos., Inc.*, 841 F. Supp. 1188, 1193 (N.D. Ga. 1993) (same for pre-trial order); *see also Palmer*, 170 F.R.D. at 90 ("The Second Circuit has never required 'that the jury demand be technically perfect or unequivocal on the face of the pleadings.'" (*quoting Favors*, 877 F.2d at 220)).

The parties' Joint Proposed Scheduling Order satisfies Rule 38(b). The parties indicated, in writing, that trial would be before a jury "[t]o the extent permitted by the governing agreements." (Ascher Decl. Ex. A.) BoNY filed the Joint Proposed Scheduling Order with the Court on behalf of all parties, and served it on WMC and GEMH, on September 6, 2013—roughly a month before WMC filed its Answer, and thus well in advance of "14 days after the last pleading directed to the issue [was] served." Fed. R. Civ. P. 38(b)(1); *see* Ascher Decl. Ex. A.[4] The Court, in turn, incorporated the parties' jury demand in its own Scheduling Order entered on the docket on September 13, 2013. (Ascher Decl. Ex B.) There is thus no question that both WMC and BoNY preserved their right to a jury trial.[5]

---

[4] BoNY's filing and service of the Joint Proposed Scheduling Order satisfied the requirements of Rule 5(d) (and thus Rule 38(b)(2)). BoNY filed the document by emailing it to Judge Forrest's chambers, as required by paragraph 4(B)(ii)(1) of Judge Forrest's Individual Rules of Practice in Civil Cases. BoNY served WMC and GEMH with the Joint Proposed Scheduling Order by carbon copying their attorneys on the email to Judge Forrest's chambers. (Ascher Decl. Ex. A.)

[5] All three parties satisfied Rule 38(b) because the Pretrial Scheduling Order was styled as a joint submission. However, even if this Court were to determine that only BoNY submitted the

7

Because the parties properly demanded a jury trial, BoNY may not now unilaterally revoke that demand. Pursuant to Fed. R. Civ. P. 38(d), "[a] proper demand may be withdrawn only if the parties consent." Similarly, under Rule 39(a)(1), when a jury trial has been demanded, "[t]he trial on all issues so demanded *must* be by jury unless: (1) the parties or their attorneys" stipulate to a non-jury trial, or (2) the court determines that for some or all issues there is no federal right to a jury trial. Fed. R. Civ. P. 39(a)(1) (emphasis added). These circumstances are not present here. WMC has not stipulated to a non-jury trial, and if this Court holds that BoNY may be entitled to damages on any of its claims, then WMC has a right to a jury trial on any issues common to the damages and specific performance claims. (*See supra* Part I.) Thus, BoNY cannot now avoid the jury trial to which it previously agreed.

### III. In The Alternative, This Court Should Exercise Its Discretion To Grant WMC A Jury Trial Pursuant To Rule 39(b) Or Rule 6(b)(1)(B) If The Court Allows BoNY To Pursue Money Damages.

Finally, even if this Court holds that WMC (and BoNY) failed to make a timely jury demand pursuant to Rule 38(b), this Court should exercise its discretion to grant WMC a jury trial pursuant to Fed. R. Civ. P. 39(b) or 6(b)(1)(B).

#### A. This Court Should Grant WMC A Jury Trial Pursuant To Rule 39(b).

Rule 39(b) provides that when a party fails to make a timely jury demand, "the court may, on motion, order a jury trial on any issue for which a jury might have been demanded." A party seeking relief under Rule 39(b) must show "some cause beyond mere inadvertence" for failing to make a timely demand. *Higgins v. Boeing Co.*, 526 F.2d 1004, 1006 n.2 (2d Cir. 1975). Once the party makes that showing, the court weighs "a number of factors," including

---

demand, it would not make a difference: once one party demands a jury trial, all other parties may rely on that demand. *See, e.g.*, *Dell'Orfano v. Romano*, 962 F.2d 199, 202 (2d Cir. 1992).

8

whether the issues "are traditionally tried to a jury," whether the parties have proceeded "on the expectation" that those issues would be tried to a jury, and whether the opposing party would suffer prejudice. *Davidson Pipe Co., Inc. v. Laventhol & Horwath*, 125 F.R.D. 363, 371-72 (S.D.N.Y. 1989) (citing *Higgins*, 526 F.2d at 1007)); *see also, e.g.*, *Trust v. Kummerfeld*, No. 99 CIV 3200 DLC, 2006 WL 3544341, at *1 (S.D.N.Y. Dec. 8, 2006) (Cote, J.) (granting Rule 39(b) motion for a jury trial and emphasizing lack of prejudice to opposing party). In deciding whether to grant a jury trial, courts must "'approach each application under Rule 39(b) with an open mind and an eye to the factual situation in that particular case.'" *Texas v. Penguin Grp. (USA) Inc.*, No. 12 Civ. 3394(DLC), 11 MD 2293(DLC), 2013 WL 1759567, at *11 (S.D.N.Y. Apr. 24, 2013) (Cote, J.) (quoting *Cascone v. Ortho Pharm. Corp.*, 702 F.2d 389, 392 (2d Cir. 1983)).

If this Court determines that WMC (and BoNY) failed to make a timely jury demand, it should nonetheless grant WMC a jury trial pursuant to Rule 39(b). To begin, any failure by WMC to timely file a jury demand would not be attributable to "mere inadvertence": WMC did not, as in other cases, "fail[] to make a jury demand" at the appropriate time, and later "change [its] litigation strategy" to seek a jury. *Davidson Pipe Co.*, 125 F.R.D. at 371. Instead, WMC engaged in "excusable" if "erroneous reliance" on the Joint Proposed Scheduling Order, which, as discussed above, appeared to meet Rule 38(b)'s requirements, *id.* (collecting authority and distinguishing between these scenarios), as well as Judge Forrest's entry of a Scheduling Order that not only embraced but appeared to adopt that jury demand. WMC's reliance was particularly reasonable here: for nearly a year and a half following the entry of the Scheduling Order, neither BoNY nor the Court suggested that trial would *not* be before a jury to the extent permitted by the MLPA.

All three discretionary factors also support a jury trial.

*First*, if this Court holds that money damages may be available in whole or in part in this case, issues regarding WMC's alleged breaches of contract and its liability are of a type "traditionally tried to a jury." *Davidson Pipe Co.*, 125 F.R.D. at 371; *see supra* Part I.

*Second*, "all of the parties have relied throughout the long history of this action on the expectation" of a jury trial. *Davidson Pipe Co.*, 125 F.R.D. at 372; *see Higgins*, 526 F.2d at 1007 (that "parties ha[d] been proceeding for three years on the assumption" of a jury trial supported granting Rule 39(b) motion); *Landau v. Nat'l R.R. Passenger Corp.*, 97 F.R.D. 723, 725 (S.D.N.Y. 1983) (assumption of jury trial may "warrant relief from an alleged waiver").

*Third*, because the parties long ago agreed to a jury trial, it would not prejudice BoNY. Instead, BoNY would be "deprived only of the 'windfall' benefit it might have received from the erroneous reliance by" WMC on the submission and entry of the Scheduling Order. *Davidson Pipe Co.*, 125 F.R.D. at 372; *see also, e.g.*, *Credit Bureau of Council Bluffs, Inc. v. Credit Bureau Data Centers, Inc.*, 143 F.R.D. 206, 213 (S.D. Iowa 1992) (statement in proposed scheduling order that case would be tried to jury diminished claim of prejudice). This is therefore a textbook case for the exercise of this Court's discretion under Rule 39(b).

### B. This Court Should Permit WMC To File A Late Demand For A Jury Trial Pursuant To Rule 6(b)(1)(B).

In the alternative, if this Court finds that no jury trial previously was demanded, it should permit WMC leave to file a late jury demand pursuant to Rule 6(b)(1)(B). With certain exceptions not at issue here, the Rule provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . (B) on motion made after the time has expired if the party failed to act because of excusable neglect."

The Second Circuit has held both that Rule 6(b)(1)(B) permits district courts to extend the time for filing a jury demand, and that its "excusable neglect" standard is less demanding than the "more-than-inadvertence" standard under Rule 39(b).  In *Raymond v. International Business Machines Corp.*, 148 F.3d 63, 65-66 (2d Cir. 1998), the court held that even though the plaintiff failed to timely serve a jury demand—and could not show anything beyond mere inadvertence to justify that failure—the district court still could grant leave to serve an untimely jury demand under Rule 6(b)(1)(B).  *See also, e.g.*, *Cordius Trust v. Kummerfeld*, No. 99 CIV 3200 DLC, 2006 WL 1876677, at *3-4 (S.D.N.Y. July 7, 2006) (Cote, J) (recognizing that Rule 6(b)(1)(B) may apply even where Rule 39(b) does not, and inviting party that failed to make a timely jury demand to submit motions under both Rules).  The court explained that the "excusable neglect" standard is "'at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission,' including prejudice to the other party, the reason for the delay, its duration, and whether the movant acted in good faith." *Raymond*, 148 F.3d at 66 (quoting *Pioneer Investment Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993) (internal quotation marks omitted)).  In light of these factors, an "inadvertent delay" that might not satisfy the Rule 39(b) standard may nonetheless be sufficient under Rule 6(b)(1)(B).  *Id*.

For the reasons already provided, at a minimum, this case warrants relief under Rule 6(b)(1)(B).  Once again, BoNY will suffer no prejudice from the jury trial that the parties and this Court have long contemplated.  In addition, WMC has acted in good faith, reasonably (if perhaps erroneously) relying on the parties' Joint Pretrial Scheduling Order and the Court's Scheduling Order to preserve its right to a jury.  Any delay by WMC in filing this Motion is based on that excusable reliance, as well as BoNY's failure to question that this case would

proceed before a jury. Thus, at a minimum, this Court should exercise its discretion to grant WMC leave to file an out-of-time jury demand under Rule 6(b)(1)(B).

## CONCLUSION

For the foregoing reasons, WMC respectfully requests that this Court order a jury trial in this case, to the extent that the Court permits BoNY to seek damages.

Dated:  March 17, 2015

Respectfully Submitted,

/s/ Stephen L. Ascher

Stephen L. Ascher
JENNER & BLOCK LLP
919 Third Avenue
New York, NY 10022-3908
Phone: 212-891-1670
Fax 212-891-1699
Email: sascher@jenner.com

Paul M. Smith
Matthew S. Hellman (*pro hac vice*)
JENNER & BLOCK LLP
1099 New York Avenue, NW
Washington, DC 20001-4412
Phone: 202-639-6000
Fax: 202-639-6066
Email: psmith@jenner.com
mhellman@jenner.com

Barbara S. Steiner (*pro hac vice*)
Megan B. Poetzel (*pro hac vice*)
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654
Phone: 312-222-9350
Fax: 312-527-0484
Email: bsteiner@jenner.com
mpoetzel@jenner.com

*Attorneys for Defendant WMC Mortgage, LLC*