```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :     12cv7096 (DLC)
THE BANK OF NEW YORK MELLON, solely as   :
Trustee for GE-WMC Mortgage Securities   :     MEMORANDUM
Trust 2006-1,                            :     OPINION & ORDER
                    Plaintiff,           :
                                         :
          -v-                            :
                                         :
WMC MORTGAGE, LLC, and GE MORTGAGE       :
HOLDING, L.L.C.,                         :
                    Defendants.          :
                                         :
---------------------------------------- X
```

APPEARANCES

For Plaintiff:
Motty Shulman
Ian M. Dumain
Evelyn N. Fruchter
Marc Ayala
Boies, Schiller & Flexner LLP
333 Main St.
New York, NY 10503

For Defendant WMC Mortgage, LLC:
Stephen L. Ascher
Jenner & Block LLP
919 Third Ave.
New York, NY 10022

Paul M. Smith
Matthew S. Hellman
Jenner & Block LLP
1099 New York Ave., NW
Washington, DC 20001

Barbara S. Steiner
Megan B. Poetzel
Jenner & Block LLP
353 N. Clark St.
Chicago, IL 60654

For GE Mortgage Holding, LLC:
Greg A. Danilow
Stacy Nettleton
Weil, Gotshal & Manges LLP
767 Fifth Ave.
New York, NY 10153

DENISE COTE, District Judge:

This action involves a breach of contract claim brought by Bank of New York Mellon ("BoNY") as the trustee ("Trustee") of a residential mortgage backed securities ("RMBS") trust. Defendant WMC Mortgage, LLC ("WMC"),[1] the sponsor of the securitization, originated or acquired the mortgage loans that are the subject of this lawsuit and sold the loans to co-defendant GE Mortgage Holdings, LLC ("GEMH"). GEMH then sold the loans to the depositor, GE-WMC Mortgage Securities, L.L.C. ("GE Securities"), who placed the loans into the trust. As part of the transfer of loans to the trust, the defendants made a number of contractual representations regarding the underlying mortgage loans.

The defendants and plaintiff have cross-moved for partial summary judgment on two different sets of mortgage loans. This Opinion addresses the defendants' motion for partial summary judgment. Defendants argue that the plaintiff may not obtain money damages for breaches of the contractual representations made in connection with the underlying mortgage loans, which the

---

[1] WMC Mortgage, LLC is the successor entity to WMC Mortgage Corp.

plaintiff seeks when the properties underlying these loans have been foreclosed upon, because the contract limits the plaintiff's remedies to certain equitable remedies. Using eighteen loans as exemplars for its legal theory, WMC has moved for partial summary judgment. For the following reasons, the defendants' motion for summary judgment is denied.

## BACKGROUND

The following facts are undisputed. The trust, GE-WMC Mortgage Securities Trust 2006-I ("Trust"), contains 4,654 residential mortgage loans originated or acquired by WMC. The securitization of the loans placed into the Trust was accomplished through the execution of three documents in August 2006. First, WMC, the sponsor of the securitization, sold these loans to GEMH on August 10, pursuant to a Mortgage Loan Purchase Agreement ("MLPA"). GEMH then transferred the mortgage loans to GE Securities, the depositor, pursuant to a second contract, also dated August 10. The depositor conveyed the mortgage loans to the Trust, with BoNY as the Trustee, pursuant to a Pooling and Servicing Agreement ("PSA") dated as of August 1. The closing date for the PSA was August 21, 2006.

In the MLPA, WMC made more than 80 representations and warranties ("R&Ws") concerning the mortgage loans in the Trust. The PSA grants the Trustee the right to enforce the R&Ws. Upon discovery or receipt of notice of a breach of the R&Ws, the PSA

3

requires the Trustee to notify WMC, who must then cure the breach, "substitute for" the defective loan, or repurchase the defective loan from the Trust within 90 days of receiving the notice.  This remedy constitutes the "sole remedy . . . available to the Trustee."

The MLPA also requires WMC to cure, repurchase, or substitute for a defective loan if it discovers a breach of the R&Ws.  The MLPA requires WMC to repurchase defective loans at a "price equal to the Purchase Price."  The PSA includes a formula for calculating the Purchase Price.  According to this formula, the Purchase Price of some loans where the underlying property has been foreclosed upon will be zero.  Much like the PSA, the MLPA provides that the obligations of WMC to cure, repurchase, or substitute for a defective loan "constitute the sole remedies of [the Trustee] against [WMC]."

The PSA establishes Litton Loan Servicing LP ("Litton") as the servicer for the Mortgage Loans.  Litton is also a party to the PSA.  Litton, and Litton's successor, Ocwen Loan Servicing LLP (collectively "Servicer"), serviced the mortgage loans at all relevant times.  Under the terms of the PSA, the Servicer has the authority to do "any and all things in connection with [the] servicing and administration which it may deem necessary or desirable" and is "authorized and empowered by the Trustee to . . . institute foreclosure proceedings . . . in the name of the

4

Trust Fund, on behalf of the Trustee and the Certificateholders."  "[W]ith respect to any Mortgage Loan that is Delinquent or in default, the Servicer may waive, modify or vary any term of any Mortgage Loan . . . ."

Between 2007 and 2011, the Servicer foreclosed on and sold the properties securing the eighteen mortgage loans that are at issue in this motion.  WMC contends that the sale of these properties precludes WMC from curing or repurchasing the defective loans -- the "sole remedies" granted to BoNY in the PSA and MLPA.

## DISCUSSION

Summary judgment may not be granted unless all of the submissions taken together "show[ ] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The moving party bears the burden of demonstrating the absence of a material factual question, and in making this determination, the court must view all facts in the light most favorable to the non-moving party.  Holcomb v. Iona Coll., 521 F.3d 130, 132 (2d Cir. 2008).

WMC's motion for partial summary judgment presents essentially one legal question: whether money damages can be awarded in lieu of the equitable remedy described as the contracts' "sole remedy."  This question has not been directly

5

addressed in the RMBS context by the New York Court of Appeals. "Absent law from a state's highest court, a federal court sitting in diversity has to predict how the state court would resolve an ambiguity in state law." Michalski v. Home Depot, Inc., 225 F.3d 113, 116 (2d Cir. 2000). In making this prediction, the decisions from New York's Appellate Division are "helpful indicators." Id.

Under New York law, "[a] court may neither rewrite, under the guise of interpretation, a term of the contract when the term is clear and unambiguous, nor redraft a contract to accord with its instinct for the dispensation of equity upon the facts of a given case." Cruden v. Bank of New York, 957 F.2d 961, 976 (2d Cir. 1992) (citation omitted). Nonetheless, while a provision providing for equitable relief as the "sole remedy" will generally foreclose alternative relief, "where the granting of equitable relief appears to be impossible or impracticable, equity may award damages in lieu of the desired equitable remedy." Doyle v. Allstate Ins. Co., 1 N.Y.2d 439, 443 (1956).

Applying the Doyle principle in the RMBS context, courts applying New York law have repeatedly held that money damages may be awarded in lieu of repurchase even where equitable relief is described as the "sole remedy." See, e.g., Resolution Trust Corp. v. Key Fin. Servs., Inc., 280 F.3d 12, 18-19 & n.13 (1st Cir. 2002); Ace Sec. Corp. Home Equity Loan Trust, Series 2007-

6

HE3 ex rel. HSBC Bank USA, Nat'l Ass'n v. DB Structured Prods., Inc., 5 F. Supp. 3d 543, 553-56 (S.D.N.Y. 2014) ("Series 2007-HE3") (collecting cases); Nomura Asset Acceptance Corp. Alt. Loan Trust v. Nomura Credit & Capital, Inc., No. 653390/2012, 2014 WL 2890341 (N.Y. Sup. Ct. June 26, 2014) (collecting cases); ACE Secs. Corp. v. DB Structured Prods., Inc., 965 N.Y.S. 2d 844, 849-850 (N.Y. Sup. Ct. 2013) rev'd on other grounds, ACE Secs. Corp. v. DB Structured Prods., Inc., 977 N.Y.S.2d 229 (App. Div. 1st Dep't 2013), cert. granted, ACE Secs. Corp. v. DB Structured Prods., Inc., 23 N.Y.3d 906 (2014). To preclude money damages in lieu of the equitable remedy would create a perverse incentive for an RMBS sponsor "to fill the Trust with junk mortgages that would expeditiously default so that they could be . . . [l]iquidated before a repurchase claim is made." ACE Secs. Corp., 965 N.Y.S. 2d at 850.

Defendants cite Rubinstein v. Rubinstein, 23 N.Y.2d 293 (1968), for the proposition that a sole remedy provision necessarily precludes other relief. In the course of interpreting a contract that had a liquidated damages provision, Rubinstein addressed the question of whether equitable relief was available. In determining that equitable relief was also available, the New York Court of Appeals noted in dicta that "[f]or there to be a complete bar to equitable relief there must be something more, such as explicit language in the contract

7

that the liquidated damages provision was to be the sole remedy." Id. at 298. Rubinstein did not purport to address the situation raised in Doyle -- where the contract provides for equitable relief as the sole remedy, and that specified equitable remedy is no longer available.

Finally, defendants contend that "the equities cannot justify rewriting the contracts" to permit BoNY to recover money damages. This argument, however, is premised on the assumption that the remedy of money damages in lieu of repurchase is foreclosed by the contract language. Because New York contract law may permit recovery of money damages in the circumstances at issue here, the plaintiff is not seeking to rewrite the contract in order to obtain money damages.

## CONCLUSION

The defendants' motion for partial summary judgment is denied.

Dated:   New York, New York
         May 22, 2015

_____
DENISE COTE
United States District Judge