**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| THE BANK OF NEW YORK MELLON, solely as Trustee for GE-WMC Mortgage Securities Trust 2006-1, | : : : |
| Plaintiff, | : CIVIL ACTION NO. 12-CV-07096 (DLC) : |
| v. | : : : |
| WMC MORTGAGE, LLC and GE MORTGAGE HOLDING, L.L.C., | : : : |
| Defendants. | : |

**PROPOSED JOINT PRETRIAL ORDER**

Pursuant to Section 5(A) of this Court's Individual Rules of Civil Practice, the March 2, 2015 Pretrial Scheduling Order (Dkt. 162), the Court's June 29, 2015 Endorsement of the Parties' joint request for modification of certain pretrial deadlines (Dkt. 258) and the Court's July 28, 2015 Pretrial Scheduling Order (Dkt. 272), Plaintiff The Bank of New York Mellon, solely as Trustee for GE-WMC Mortgage Securities Trust 2006-1 ("Trustee") and Defendants WMC Mortgage, LLC ("WMC") and GE Mortgage Holding, L.L.C. ("GE Mortgage") (collectively "the Parties") submit this Proposed Joint Pretrial Order.  Each party reserves the right to request leave of Court to amend the information contained herein, upon reasonable notice to the other parties, should the facts and circumstances of this action so require.

1. **Caption:**  The full caption of this action is set forth above.

2. **Trial Counsel:**  The names, addresses (including firm names), telephone and fax numbers of trial counsel are as follows:

> Counsel for Plaintiff The Bank of New York Mellon, solely as Trustee for GE-WMC Mortgage Securities Trust 2006-1
>
> William S. Ohlemeyer
> Robin A. Henry
> Motty Shulman
> Ian M. Dumain
> BOIES, SCHILLER & FLEXNER LLP
> 333 Main Street
> Armonk, New York 10504
> Tel: (914) 749-8200
> Fax: (914) 749-8300

<u>Counsel for Defendant WMC Mortgage, LLC</u>

Stephen L. Ascher
JENNER & BLOCK LLP
919 Third Avenue
37th Floor
New York, New York 10022
Tel. (212) 891-1600
Fax (212) 891-1699

Barbara S. Steiner (*admitted pro hac vice*)
Megan B. Poetzel (*admitted pro hac vice*)
David P. Saunders (*admitted pro hac vice*)
JENNER & BLOCK LLP
353 N. Clark St.
Chicago, Illinois 60654
Phone: 312-222-9350
Fax: 312-527-0484

<u>Counsel for Defendant GE Mortgage Holding, L.L.C.</u>

Greg A. Danilow
Stacy Nettleton
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10014
Tel: (212) 310-8000
Fax: (212) 310-8007

William Christopher Carmody
Shawn Rabin
Stephen Shackelford (*admitted pro hac vice*)
SUSMAN GODFREY LLP
560 Lexington Ave., 15th Floor
New York, New York 10022
Phone:  212-336-8330
Fax:  212-336-8340

3. **Subject Matter Jurisdiction:**  The parties agree that the Court has diversity jurisdiction over the subject matter of this action because this dispute arises between citizens of different states and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.  The parties do not dispute that venue is proper in this district.

4. **Summaries of Claims and Defenses for Trial:**

(a) **Statement by the Parties**

The Counts alleged in the Trustee's First Amended Complaint (Dkt. No. 32) which remain to be tried are:

   a. Count I – against WMC for "Breach of Contract – Breach of Representations and Warranties"; and

   b. Count VI – against WMC and GEMH for "Declaratory Judgment."

The Trustee's claims arise under the Mortgage Loan Purchase Agreement executed by WMC Mortgage Corp. and GE Mortgage Holding, L.L.C., dated as of August 10, 2006 (the "Originator MLPA"), and the Mortgage Loan Purchase Agreement executed by GE Mortgage Holding, L.L.C. and GE-WMC Mortgage Securities L.L.C., also dated as of August 10, 2006 (the "Seller MLPA" and, together with the Originator MLPA, the "MLPAs").  The Trustee's right to enforce the Defendants' repurchase obligations arises from the Pooling and Servicing Agreement executed by GE-WMC Mortgage Securities L.L.C., Litton Loan Servicing LP, and The Bank of New York, dated as of August 1, 2006 (the "PSA").

The Parties have stipulated that (1) the Originator MLPA, Seller MLPA, and PSA are valid and enforceable contracts against the parties thereto or their assignees, and (2) an actual case and controversy exists between the Trustee and Defendants as to the Defendants' contractual repurchase obligations, so these issues need not be tried.  In addition, Counts II, III, IV, V, and VII of the First Amended Complaint do not remain to be tried.

**(b)** **Trustee's Statement of Claims**

Under the Originator MLPA, the Seller MLPA, and the PSA, within 90 days of their discovering or receiving notice of a breach of a representation and warranty in Sections 5 or 6 of the Originator or Seller MLPAs that materially and adversely affects the value of any Mortgage Loan or the interest therein of the Certificateholders, WMC and GEMH, respectively, were required to repurchase the affected Mortgage Loan at a price equal to the Purchase Price (as defined in the PSA).  The Trustee claims that WMC and GEMH have discovered or received notice of such material and adverse breaches of representations and warranties for the 2,251 Mortgage Loans at issue in this case.[1]  The Trustee claims that WMC and GEMH must, therefore, repurchase the affected Mortgage Loans at the Purchase Price or, where that is impossible or impracticable, pay money damages in lieu of repurchase.  Moreover, the Trustee seeks an order declaring that Defendants are required to comply with their repurchase obligations.

To prevail on its claims for breach of contract, the Trustee must prove the following elements by a preponderance of the evidence:

    a. **Material and Adverse Breach:**  For each Mortgage Loan at issue, whether one or more breaches of the representations and warranties set forth in Sections 5 and 6 of the Originator or Seller MLPAs materially and adversely affected the value of the Mortgage Loan or the interest of the Trustee or certificateholders therein.

    b. **Discovery or Notice:**  Whether WMC or GEMH or both discovered or received notice that the Mortgage Loans at issue breached the representations and warranties set forth in Sections 5 and 6 of the Originator or Seller MLPAs that materially and adversely affects the value of the Mortgage Loan or the interest of the Trustee or certificateholders therein.

---

[1] All of the Mortgage Loans at issue are Group II Mortgage Loans.  Claims related to the Group I Mortgage Loans have been stayed (Dkt. 118) and are subject to the settlement reached through the parties' November 7, 2014 mediation efforts.

    c. **For Mortgage Loans in the Trust at the time of trial:** The amount of the Purchase Price.

    d. **For Mortgage Loans no longer in the Trust at the time of trial:** The amount of damages to be awarded in lieu of the Purchase Price.

The Defendants' statements in subsections (c) and (d) concerning the Trustee's claims and the Defendants' defenses are inaccurate and overstated. All of their defenses will fail as a matter of law, fact, or both.

    **(c)**     <u>**WMC's Response to the Trustee's Statement of Claims and Its Statement of Defenses**</u>

The Trustee's statement concerning the provisions of the governing agreements is inaccurate and incomplete. WMC's repurchase obligation arises under the Originator MLPA, which provides that, upon discovery by WMC or the Trustee of a breach of any WMC's representations and warranties that materially and adversely affects the value of a Mortgage Loan or the interest therein of the Trustee, the party discovering the breach shall give prompt written notice to the other. Within 90 days of discovery or receipt of notice of such a breach, WMC must cure the breach or repurchase the affected Mortgage Loan at the Purchase Price. Therefore, for each of the 2,251 Mortgage Loans at Issue, to prevail on its claims against WMC the Trustee must prove the by a preponderance of the evidence both (1) the four elements set forth above in Section 4(b)a through 4(b)d relating to the Originator MLPA, as clarified by the requirements of the Originator MLPA explained herein, and (2) the following additional elements:

    a. **Prompt and Timely Notice:** In the event the Trustee relies upon its purported provision of notice of breaches to WMC, whether that notice (1) satisfied the "prompt written notice" requirement of the Original MLPA and, and (2) was provided at least 90 days prior to the 6 year anniversary of the Originator MLPA's execution date; and

- 5 -

   b. **The Trustee's Material Compliance with the Originator MLPA**: Whether the Trustee itself materially breached the Originator MLPA and the provisions of the PSA incorporated therein.

In addition, the following of WMC's defenses remain to be tried:

   a. **Statute of Limitations:** Whether all or a portion of the Trustee's claims are barred by the Statute of Limitations because they were not filed prior to the 6 year anniversary of the Originator MLPA's execution date, and notice was not provided to WMC of the claims at least 90 days prior to that date.

   b. **Waiver, Laches and Estoppel.** Whether the Trustee's delay in asserting its claims, after it knew or should have known of the basis for the claims as a result of its own reporting or the imputed knowledge of its agent the Servicer, results in the claims being barred by waiver, laches or estoppel.

   c. **Proximate Causation.** Whether, for liquidated loans, the Trustee's claims for money damages are barred because the proximate cause of the Trustee's alleged loss was factors other than the alleged breaches of representations or warranties, such as a borrower's loss of his or her job or a substantial decline in the value of a borrower's home after the mortgage loan closed.

   d. **Mitigation.** Whether the Trustee properly mitigated its claims for repurchase or money damages where, for example, the Servicer incurred unreasonable servicing fees and/or engaged in improper servicing practices, and whether the Defendants are entitled to a setoff, recoupment or other offset from any recovery.

   e. **Unclean Hands.** Whether the Trustee is entitled any equitable relief given its delay in asserting its claims and the improper servicing practices of its agent, the Servicer.

.

   f. **Acquiescence.** Whether the Trustee acquiesced in any refusal by WMC to repurchase certain Mortgage Loans from the Trust where the Trustee (1) remained inactive for a considerable time after knowing the material bases for its claims; or (2) published monthly reports indicating that Final Recovery Determinations had been made for certain Mortgage Loans, which determinations were inconsistent with the Trustee's current positions that such loans have material breaches and that WMC has an obligation to pay money damages with respect thereto.

   g. **Implied Covenant of Good Faith and Fair Dealing.** Whether the Trustee's claims are barred by the Trustee's breach of the implied covenant of good faith and fair dealing through its delay, failure to adequately supervise the Servicer, and misleading Trust reporting.

The following of WMC's defenses do not remain to be tried:[2]

    a. Whether the Trustee's claims are barred to the extent that the Mortgage Loans have been liquidated or are otherwise unavailable to be tendered for repurchase and reassigned to WMC or GEMH.  (Dkt. No. 242.)

    b. Whether the Trustee's claims are barred by the doctrine of champerty and N.Y. Judiciary Law § 489.

    c. Any other defenses from WMC's Answer not addressed herein.

**(d)** **GEMH's Response to the Trustee's Statement of Claims and Its Statement of Defenses**

GEMH contends that, under Section 2.03 of the PSA, GEMH has no repurchase obligation to the Trustee arising from any breaches or WMC's representations and warranties set forth in the Originator MLPA.  On July 30, 2015 (Dkt. No. 276), the Court held that the PSA is ambiguous on this point, so that issue remains to be tried.  To the extent that GEMH has any repurchase obligation relating to WMC's representations and warranties set forth in the Originator MLPA, GEMH joins in the Statement of WMC set forth in Section 4(c) above, including whether GEMH was provided prompt and timely notice.  In addition, GEMH contends that, prior to this Joint Pretrial Order, the Trustee has not asserted claims that GEMH breached any representations in Section 5 of the Seller MLPA, and it is too late to do so now.

**5.**     **Number of Trial Days:**  This case is to be tried without a jury based on this Court's Order dated July 10, 2015 (Dkt. 271).  Plaintiff expects its case-in-chief and anticipated rebuttal (including Defendants' anticipated cross-examination) will take approximately 7 trial days.  Defendants expect their case-in-chief (including Plaintiff's anticipated cross-examination)

---

[2] Defendants respectfully reserve all rights for appeal with respect to the decisions listed in this section.

will take approximately 8 trial days.  The parties agree that approximately 15 total trial days may be necessary to complete the trial.

      **6.**      <u>**Trial by Magistrate**</u>**:**  The parties have not consented to trial by a magistrate judge.

      **7.**      <u>**Stipulations**</u>**:**  The parties' stipulations of fact and law are attached as Exhibit A.  The parties' stipulation regarding document authenticity is attached as Exhibit B.

      **8.**      <u>**Witnesses**</u>**:**  The Parties reserve their right to object to the testimony of any witness listed by the Parties to the extent a witness' testimony is, or may be, subject to any evidentiary objections or motions.

      (a)   <u>Plaintiff's Witnesses</u>

A list of the witnesses that the Trustee currently expects to call at trial is attached as Exhibit C.  The list contains a brief summary of the substance of each witness' testimony and indicates whether the witness is expected to testify in person or by deposition.  The Trustee reserves the right to revise the description of each witness' expected testimony in light of any ruling made by the Court on the Parties' pending and forthcoming motions.  The Trustee further reserves the right to call any witness disclosed on Defendants' list.

      (b)   <u>WMC's Witnesses</u>

A list of the witnesses that WMC currently expects to call at trial is attached as Exhibit D.  The list contains a brief summary of the substance of each witness' testimony and indicates whether the witness is expected to testify in person or by deposition.  WMC reserves the right to revise the description of each witness' expected testimony in light of any ruling made by the Court on the Parties' pending and forthcoming motions.  WMC further reserves the right to call any witness disclosed on Plaintiff's or GEMH's list.

(c) <u>GEMH's Witnesses</u>

A list of the witnesses that GEMH currently expects to call at trial is attached as Exhibit E. The list contains a brief summary of the substance of each witness' testimony and indicates whether the witness is expected to testify in person or by deposition. GEMH reserves the right to revise the description of each witness' expected testimony in light of any ruling made by the Court on the Parties' pending and forthcoming motions. GEMH further reserves the right to call any witness disclosed on Plaintiff's or WMC's list.

9. **Deposition Designations and Objections:** The Parties' deposition designations, counter-designations, and objections are being submitted to the Court in hard copy in accordance with this Court's Individual Practices. A legend explaining the abbreviations used by the Parties to note their objections and designations is attached as Exhibit F. Plaintiff's designations and Defendants' objections and counter-designations thereto are attached as Exhibit G. Defendants' designations and Plaintiff's objections and counter-designations thereto are attached as Exhibit H. Pursuant to this Court's letter endorsement dated June 29, 2015, the Parties will provide the Court with hard copies of the designated transcripts on August 13, 2015. The Parties reserve their rights to amend, revise, or withdraw any of their deposition designations, counter-designations, or objections. The parties will continue to meet and confer before trial to resolve objections to the designations.

10. **Exhibits:** Lists of exhibits to be offered by the Parties in their respective cases-in-chief, with one star indicating the exhibits to which no party objects on grounds of authenticity, and two stars indicating exhibits to which no party objects on any ground, are

attached as Exhibit I. The parties will continue to meet and confer before trial to resolve objections to the exhibits.

Dated: July 31, 2015

STIPULATED AND AGREED.

_/s/ Motty Shulman_

William S. Ohlemeyer
Robin A. Henry
Motty Shulman
Ian M. Dumain
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, New York 10504
Tel: (914) 749-8200
Fax: (914) 749-8300

*Counsel for Plaintiff The Bank of New York Mellon, solely as Trustee for GE-WMC Mortgage Securities Trust 2006-1*

Stephen L. Ascher
JENNER & BLOCK LLP
919 Third Avenue
37th Floor
New York, New York 10022
Tel. (212) 891-1600
Fax (212) 891-1699

Barbara S. Steiner (*admitted pro hac vice*)
Megan B. Poetzel (*admitted pro hac vice*)
David P. Saunders (*admitted pro hac vice*)
JENNER & BLOCK LLP
353 N. Clark St.
Chicago, Illinois 60654
Phone: 312-222-9350
Fax: 312-527-0484

*Counsel for Defendant WMC Mortgage, LLC*

Greg A. Danilow
Stacy Nettleton
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10014
Tel: (212) 310-8000
Fax: (212) 310-8007

*Counsel for Defendant GE Mortgage Holding, L.L.C.*

William Christopher Carmody
Shawn Rabin
Stephen Shackelford (*admitted pro hac vice*)
SUSMAN GODFREY LLP
560 Lexington Ave., 15th Floor
New York, New York 10022
Phone: 212-336-8330
Fax: 212-336-8340

*Counsel for Defendant GE Mortgage Holding, L.L.C.*

attached as Exhibit I. The parties will continue to meet and confer before trial to resolve objections to the exhibits.

Dated: July 31, 2015

STIPULATED AND AGREED.

| | |
|---|---|
| William S. Ohlemeyer<br>Robin A. Henry<br>Motty Shulman<br>Ian M. Dumain<br>BOIES, SCHILLER & FLEXNER LLP<br>333 Main Street<br>Armonk, New York 10504<br>Tel: (914) 749-8200<br>Fax: (914) 749-8300<br><br>*Counsel for Plaintiff The Bank of New York Mellon, solely as Trustee for GE-WMC Mortgage Securities Trust 2006-1* | Stephen L. Ascher<br>JENNER & BLOCK LLP<br>919 Third Avenue<br>37th Floor<br>New York, New York 10022<br>Tel. (212) 891-1600<br>Fax (212) 891-1699<br><br>Barbara S. Steiner *(admitted pro hac vice)*<br>Megan B. Poetzel *(admitted pro hac vice)*<br>David P. Saunders *(admitted pro hac vice)*<br>JENNER & BLOCK LLP<br>353 N. Clark St.<br>Chicago, Illinois 60654<br>Phone: 312-222-9350<br>Fax: 312-527-0484<br><br>*Counsel for Defendant WMC Mortgage, LLC* |
| Greg A. Danilow<br>Stacy Nettleton<br>WEIL, GOTSHAL & MANGES LLP<br>767 Fifth Avenue<br>New York, New York 10014<br>Tel: (212) 310-8000<br>Fax: (212) 310-8007<br><br>*Counsel for Defendant GE Mortgage Holding, L.L.C.* | William Christopher Carmody<br>Shawn Rabin<br>Stephen Shackelford *(admitted pro hac vice)*<br>SUSMAN GODFREY LLP<br>560 Lexington Ave., 15th Floor<br>New York, New York 10022<br>Phone: 212-336-8330<br>Fax: 212-336-8340<br><br>*Counsel for Defendant GE Mortgage Holding, L.L.C.* |

attached as Exhibit I. The parties will continue to meet and confer before trial to resolve objections to the exhibits.

Dated: July 31, 2015

STIPULATED AND AGREED.

| | |
|---|---|
| William S. Ohlemeyer<br>Robin A. Henry<br>Motty Shulman<br>Ian M. Dumain<br>BOIES, SCHILLER & FLEXNER LLP<br>333 Main Street<br>Armonk, New York 10504<br>Tel: (914) 749-8200<br>Fax: (914) 749-8300<br><br>*Counsel for Plaintiff The Bank of New York Mellon, solely as Trustee for GE-WMC Mortgage Securities Trust 2006-1:* | Stephen L. Ascher<br>JENNER & BLOCK LLP<br>919 Third Avenue<br>37th Floor<br>New York, New York 10022<br>Tel. (212) 891-1600<br>Fax (212) 891-1699<br><br>Barbara S. Steiner *(admitted pro hac vice)*<br>Megan B. Poetzel *(admitted pro hac vice)*<br>David P. Saunders *(admitted pro hac vice)*<br>JENNER & BLOCK LLP<br>353 N. Clark St.<br>Chicago, Illinois 60654<br>Phone: 312-222-9350<br>Fax: 312-527-0484<br><br>*Counsel for Defendant WMC Mortgage, LLC* |
| /s/ Greg A. Danilow<br>Greg A. Danilow<br>Stacy Nettleton<br>WEIL, GOTSHAL & MANGES LLP<br>767 Fifth Avenue<br>New York, New York 10014<br>Tel: (212) 310-8000<br>Fax: (212) 310-8007<br><br>*Counsel for Defendant GE Mortgage Holding, L.L.C.* | William Christopher Carmody<br>Shawn Rabin<br>Stephen Shackelford *(admitted pro hac vice)*<br>SUSMAN GODFREY LLP<br>560 Lexington Ave., 15th Floor<br>New York, New York 10022<br>Phone: 212-336-8330<br>Fax: 212-336-8340<br><br>*Counsel for Defendant GE Mortgage Holding, L.L.C.* |

attached as Exhibit I. The parties will continue to meet and confer before trial to resolve objections to the exhibits.

Dated: July 31, 2015

STIPULATED AND AGREED.

William S. Ohlemeyer
Robin A. Henry
Motty Shulman
Ian M. Dumain
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, New York 10504
Tel: (914) 749-8200
Fax: (914) 749-8300

*Counsel for Plaintiff The Bank of New York Mellon, solely as Trustee for GE-WMC Mortgage Securities Trust 2006-1*

Stephen L. Ascher
JENNER & BLOCK LLP
919 Third Avenue
37th Floor
New York, New York 10022
Tel. (212) 891-1600
Fax (212) 891-1699

Barbara S. Steiner (*admitted pro hac vice*)
Megan B. Poetzel (*admitted pro hac vice*)
David P. Saunders (*admitted pro hac vice*)
JENNER & BLOCK LLP
353 N. Clark St.
Chicago, Illinois 60654
Phone: 312-222-9350
Fax: 312-527-0484

*Counsel for Defendant WMC Mortgage, LLC*

Greg A. Danilow
Stacy Nettleton
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10014
Tel: (212) 310-8000
Fax: (212) 310-8007

*Counsel for Defendant GE Mortgage Holding, L.L.C.*

William Christopher Carmody
Shawn Rabin
Stephen Shackelford (*admitted pro hac vice*)
SUSMAN GODFREY LLP
560 Lexington Ave., 15th Floor
New York, New York 10022
Phone: 212-336-8330
Fax: 212-336-8340

*Counsel for Defendant GE Mortgage Holding, L.L.C.*